IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                                    No. CR-04-1468  JB

CHINA STAR, INC., d/b/a CHINA WOK;
JING SONG JIANG, a/k/a Jimmy and
WAN HUI LU,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Dismiss Counts 24

Through 69 of the Indictment (Alleging Violations of 18 U.S.C. §§ 1956 (a)(1)(A)(i),

1956(a)(1)(B)(i), and 1957), filed November 12, 2004 (Doc. 54).  The Court held a hearing on this

motion on December 16, 2004, first hearing argument on whether the Court should even hear and

entertain the motion.  The primary issue is whether the Court should hear the Defendants' motion to

dismiss the Indictment before trial.  Consistent with the reasons that the Court stated on the record

at the December 16, 2004 hearing, and in addition thereto, the Court concludes that the motion

attacks the sufficiency of the Indictment based on facts not alleged in the Indictment, and because the

United States objects to the consideration of those facts, the Court will deny the motion.

## BACKGROUND

The Indictment charges 46 counts of money laundering under 18 U.S.C. § § 1956(a)(1)(A)(i),

1956(a)(1)(B)(i), and 1957.  See Sealed Indictment, at 5-10, filed July  27, 2004 (Doc. 1).  In their

moving papers, the Defendants set forth a statement of material facts for which they contend no

genuine issue exists.   They assert that: (i) Defendant China Star, Inc., d/b/a China Wok ("China Wok") is a restaurant; (ii) China Wok's "total gross proceeds" is the revenue that the restaurant's sales to its customers of food and beverages generated in the form of "cash, check and credit card sales;" and (iii) the sole source of the funds that are the subject of Counts 24 through 69 of the Indictment is the "cash, credit, and credit card sales" from the restaurant's sales.  Brief in Support of Defendants' Motion to Dismiss Counts 24 Through 69 of the Indictment (Alleging Violations of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956 (a)(1)(B)(i), And 1957), at 1, filed November 12, 2004 (Doc. 55).

The Defendants move the Court to dismiss Counts 24 through 69 of the Indictment -- the money laundering counts.

## LAW ON MOTIONS TO DISMISS

Rule 12(b)(2) of the Federal Rules of Criminal Procedure allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  Fed. R. Crim. P. 12(b)(2).   "Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment."  United States v. Welch, 327 F.3d 1081, 1090 (10th Cir. 2003). "Courts should refrain from considering evidence outside the indictment when testing its legal sufficiency."  United States v. Hall, 20 F.3d 1084, 1087 (10th Cir. 1994).

The United States Court of Appeals for the Tenth Circuit has upheld a district court's dismissal of charges at the pretrial stage based on evidence beyond the four corners of the indictment. See United States v. Brown, 925 F.2d 1301, 1304 (10th Cir. 1991); United States v. Wood, 6 F.3d 692, 695 (10th Cir. 1993).  The Tenth Circuit explained these cases in United States v. Hall, stating:

> [W]e read Brown and Wood as authority which allows a district court to dismiss charges at the pretrial stage under the limited circumstances where the operative facts are undisputed and the government fails to object to the district court's consideration of those undisputed facts in making the determination regarding a submissible case. Under this scenario, a pretrial dismissal is essentially a determination, that as a matter of law, the government is incapable of proving its case beyond a reasonable doubt. We note, however, that such a scenario is not likely to recur and we caution both the trial courts and counsel that the procedure here employed is indeed the rare exception.

United States v. Hall, 20 F.3d at 1088.

## LAW ON MONEY LAUNDERING

A necessary element of 18 U.S.C. § 1956 is that a financial transaction "involves the proceeds of specified unlawful activity." 18 U.S.C. § 1956(a)(1).  Similarly, a violation of 18 U.S.C. § 1957 involves a "monetary transaction in criminally deprived property." 18 U.S.C. § 1957(a). "[T]he term 'criminally derived property' means any property constituting, or derived from, proceeds obtained from a criminal offense." 18 U.S.C. § 1957(f)(2).

## ANALYSIS

In support of their motion to dismiss, the Defendants assert that there are three undisputed material facts.  These facts, however, are not contained in the factual allegations contained in the Indictment.   Rather, the Defendants cite to the April 5, 2004 Application and Affidavit for Search Warrant Affidavit in support of these facts.

The Court is bound by the factual allegations in the Indictment, and may only consider other facts when they are "undisputed and the government fails to object to the district court's consideration of those undisputed facts." United States v. Hall, 20 F.3d at 1088.  Here, the United States not only objects to the district court's consideration of these facts, but assets that a factual dispute exists as to some of these facts.  See United States Response to Defendants' Motion to

Dismiss Counts 24 Through 69 of the Indictment (Alleging Violations of 18 U.S.C. § § 1956 (a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957 Filed on November 12, 2004, at 1, filed November 19, 2004 (Doc. 58).  Under Tenth Circuit law, the Court is not free to determine, like on a motion for summary judgment under the Federal Rules of Civil Procedure, whether a genuine issue of material fact exists. If the United States does not consent to a legal determination of the issue and consideration of facts outside the four corners of the Indictment, the Court should not proceed to decide the matter.

Because the Defendants' motion attacks the sufficiency of the Indictment based on facts not alleged in the Indictment, and because the United States objects to the consideration of those facts, this motion does not present the "rare exception" that Tenth Circuit precedent contemplates.  The Court will therefore deny the Defendants motion to dismiss.

**IT IS ORDERED** that the Court will not hear the Defendants' Motion to Dismiss Counts 24 through 69 of the Indictment before trial.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District
   of New Mexico
Tara C. Neda
  Assistant United States Attorney for the
   District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Hope Eckert
Albuquerque, New Mexico

*Attorney for Defendant China Star, Inc.*
*d/b/a China Wok*

David A. Freedman
Nancy Hollander
Zachary A. Ives
Freedman Boyd Daniels Hollander & Goldberg P.A.
Albuquerque, New Mexico

*Attorneys for Defendant Jing Song Jiang*

William E. Parnall
Albuquerque, New Mexico

*Attorney for Wan Hui Lu*